BROD *v.* BROD.

5-1271                                                  301 S. W. 2d 448

Opinion delivered April 22, 1957.

*Tom Gentry, Thorp Thomas* and *James L. Sloan,* for appellant.

*Kenneth Coffelt, Ben M. McCray* and *Fred Briner,* for appellee.

CARLETON HARRIS, Chief Justice.    Billy Warren Brod, age 19, a resident of Saline County, Arkansas, died intestate in Saline County on October 8, 1956, leaving as survivors his widow, Linda Brod, age 19, his father, M. L. Brod, age 39, and his mother, Cleo Brod, age 38, all residents of Saline County, Arkansas. On October 15, 1956, M. L. Brod petitioned the Saline County Probate Court for appointment as administrator of the estate of his deceased son. The court approved the petition, and entered an order naming Brod (appellant herein) administrator; appellant qualified, and letters of administration were issued to him. Three days later,

the widow, Linda Brod, appellee herein, filed her petition alleging that the appointment of appellant, her father-in-law, as administrator, was premature, without notice to her, and that as the surviving widow of Billy Warren Brod, she desired to exercise her right of priority under the statute to nominate the administrator of the estate of her deceased husband; that the previous order appointing appellant as administrator was void and should be cancelled, set aside, and held for naught. Her petition was later amended by a prayer to designate her father, Gordon Richardson, as administrator of the estate of Billy Warren Brod. The petition further alleged that she expected to give birth to a child of her deceased husband about January 1, 1957. The matter was heard by the Probate Court on October 29th, and at the conclusion of the hearing, the court found that appellee, as widow of the deceased, had the right to nominate the administrator for her husband's estate, and that Gordon Richardson, so nominated by appellee, was a fit and proper person to serve and should be appointed; that "the order of this court authorizing the appointment of M. L. Brod as administrator of the estate of Billy Warren Brod, deceased, be, and the same is hereby vacated, and superseded, and the letters of administration issued to M. L. Brod are hereby nullified, cancelled, set aside, and held for naught; it is further considered and ordered that Gordon Richardson, nominee of the widow, be, and he is hereby appointed administrator of the estate of the said Billy Warren Brod, deceased. * * *" From such order, appellant brings this appeal.

For grounds of reversal, appellant argues two points. First—"That appellee had no right under the law to nominate an administrator for she was herself disqualified as such. Thus the appointment of, and issuance of letters of administration to, the appellee's nominee contravene the pertinent statutory provisions and are void." It is next contended that "The order which 'vacated and superseded' the appellant's appointment as administrator and 'nullified, cancelled, set aside and held for naught' his letters of administration, was

completely unwarranted under the evidence and without justification of the law.'' We proceed to a discussion of each contention as heretofore set out.

## I.

Let it first be said that the right of persons to serve in the capacity of administrator is governed entirely by statute, and accordingly, cases cited from other jurisdictions are of no assistance unless the statute bears close similarity to our own. The Arkansas Statute reads as follows: § 62-2201. *" Persons entitled to domiciliary letters. —* a. ORDER OF PERSONS ENTITLED. Domiciliary letters testamentary or of general administration may be granted to one or more of the persons hereinafter mentioned, natural or corporate, who are not disqualified, in the following order of priority: (1) To the executor or executors nominated in the will. (2) To the surviving spouse, or his or her nominee, upon petition filed during a period of thirty days after the death of the decedent. (3) To one or more of the persons entitled to a distributive share of the estate or his or her nominee, as the court may in its discretion determine, if application for letters be made within forty days after the death of the decedent, in case there is a surviving spouse, and if no surviving spouse, within thirty days after the death of the decedent. (4) To any other qualified person. b. — WHO IS DISQUALIFIED. No person is qualified to serve as domiciliary personal representative who is (1) Under twenty-one years of age, or (2) Of unsound mind, or (3) A convicted and unpardoned felon, either under the laws of the United States or of any state or territory of the United States, or (4) A corporation not authorized to act as fiduciary in this state, or (5) A person whom the court finds unsuitable, or (6) A non-resident of this state unless he meets all of the following conditions: * * *''

Appellant, in support of his contention, cites several cases from New York, but the New York statute* is quite different from that quoted above. Under the New York

---

* New York Surrogate's Court, Act of 1920.

statute, one under twenty-one years of age is disqualified from serving, and administration must be granted to persons entitled to share in the personal property, who are competent, with preference given the surviving husband or wife. The statute does not mention the right of the surviving spouse to nominate another, but does provide that if the person entitled to take the entire personal estate is an infant, his guardian shall have the right to letters in his place and stead. It further provides that ''administration may be granted to a competent person not entitled, upon the consent of all the persons entitled to take or share in the estate whether within or without this state and competent.   *   *   *''

Appellant cites the North Carolina case of *Boynton* v. *Heartt, Public Administrator,* 158 N. C. 488, 74 S. E. 470, which contains this language: ''*   *   * Generally, if a person entitled to the administration is incompetent for any cause, his right of nomination fails, and, except as above stated, no right of nomination exists.   *   *   *'' Let it first be said that this case dealt with the right of four children under 14 years of age, who were non-residents, to nominate, through their guardian, also a non-resident, the administrator of their uncle's estate. The North Carolina Supreme Court upheld the action of the lower court in refusing to grant letters to the nominee of said guardian. Petitioner (Boynton) argued that the disqualification of a non-resident to administer, was in the same category as one under 21 years of age, and that it had been previously held in *Wallis* v. *Wallis,* 60 N. C. 78, that an infant, who could not administer, might nominate. The court pointed out that an examination of the *Wallis* case showed that particular question was not raised, and the statement in the opinion to the effect that the lower court might have granted letters to the nominee of the widow was dictum. The court then added, ''*   *   * If, however, the law is stated correctly in the *Wallis* case, there is a distinction between disqualification on account of non-age and non-residence, because, in the first, the right to administer continues to exist, while the exercise of the right is suspended during the minority, and in the case of a non-resident, he

has never had the right to administer. * * *'' At any rate, let us examine the North Carolina Statute.* It gives preference to the husband or widow, but makes no mention of the specific right of either to nominate another. One under the age of twenty-one years is disqualified from serving. The statute does not permit any person to nominate another until that person renounces his right to qualify as administrator, when he may "at the same time nominate in writing some *other*[1] qualified person to be named as administrator. * * *'' It would seem from this language that the statute of North Carolina only permits *a qualified person* to nominate an administrator to serve in his stead. It will be noted that the Arkansas statute makes no such distinction. Under subsection (b) of our statute, in setting out those who are disqualified to serve, it would have been simple enough, had the Legislature so intended, to have written the statute as follows: "No person is qualified to serve as domiciliary personal representative *or to nominate another*[2] who is (1) under twenty-one years of age. * * *''

In the case of *Rivers, et al.* v. *Alsup,* 188 Ga. 75, 2 S. E. 2d 632, the Supreme Court of Georgia quoted from an earlier case dealing with the interpretation of a statute which provided that the widow, if qualified, is first entitled to the grant of letters of administration, and after her, "the next of kin at the time of the death." From the opinion, "Under the ruling in *Headman* v. *Rose,* 63 Ga. 458 (2, 6) 465, 'if the widow of an intestate is disqualified from taking letters of administration on his estate, she may nevertheless name some person who is qualified for that purpose,' even as against contesting claimants, who after the widow were entitled to the administration or the selection of the administrator. * * *''

Cases from other jurisdictions have been noted which permit the guardian or next friend of a disqualified person to nominate.[3]

---

* General Statutes of North Carolina, 1943
[1] Emphasis supplied.
[2] Italicized words supplied.
[3] Among others, Michigan and Iowa.

Our statute is similar to those of Arizona and Montana. The Arizona statute gives preference to ''the surviving husband or wife, or some competent person whom he or she may request to have appointed.''* One is prohibited from serving who is under the age of majority. *In re Graham's Estate,* 27 Ariz. 167, 231 Pac. 918, dealt with the right of the guardian of a surviving husband, who was insane, to nominate one to serve as administrator, as against the right of the deceased wife's mother (who was also custodian of the minor child of the parties) to serve. The Arizona Supreme Court upheld the right of the mother, stating ''* * * if the person first entitled does not choose to qualify, or if the law makes him imcompetent, he cannot, nor can his guardian, nominate another as a substitute to the exclusion of the right which the statute gives to those next in order. * * *''

The Montana Statute provides that letters of administration must be granted first ''to the surviving husband or wife or some competent person whom he or she may request to have appointed.'' The statute likewise provides that no person is competent or entitled to serve as administrator who is ''under the age of majority.''[1]

The case which appears to be nearest in point, from our research, is *In re Stewart's Estate,* 18 Mont. 595, 46 Pac. 806. There, the widow was a minor, 16 years of age, and sought to nominate one Keith as administrator. The trial court denied her petition, and proceeded to grant letters to another. Upon appeal, and in reversing the trial court, the Supreme Court of Montana said: ''* * * The respondent's contention must be that, where the widow is a minor, she is necessarily incompetent to serve herself, and that, inasmuch as she is incompetent to serve herself, she is also incompetent to name some competent person whom she may request to have appointed. But we do not think this contention can be sustained. The first right to administer is granted to the surviving husband or wife; yet it might often happen that such survivor would be, * * * or other disqualification, incompetent to serve. But the statute,

* Arizona Revised Statutes, 1956, 14-417-418
[1] Revised Code of Montana, 1947, Sec. 91-1401, 91-1405

as if made especially to cover such a contingency, gives to the surviving husband or wife the right to name some competent person who can serve. This right of the surviving husband or wife to nominate is not made dependent upon the competency to serve of the person occupying such relationship. It is a right of nomination given by virtue of the fact that the person who exercises it stands in the relationship of surviving husband or wife. It is independent of the competency of such husband or wife himself or herself to serve. The person named for appointment by such surviving husband or wife must be legally qualified, as required by Section 59, above quoted. But we must not lose sight of the distinction between the right to name the one who shall serve, and the competency of the person who does serve, for the distinction makes the case simple. * * *''

We prefer the Montana construction, and the quoted language expresses our thought in the matter. Let it also be pointed out that appellee is nineteen years of age, and accordingly, under our statute, has attained her majority.[4] We conclude that even though appellee was disqualified from serving herself, such disqualification did not preclude her from nominating a person of her choice. It might be mentioned that our statute, while giving a right of priority to certain persons to serve as administrator (as set out in § 62-2201) does not make it compulsory for the court to make such appointment inasmuch as the statute says, ''Letters testamentary * * * may be granted to one or more of the persons hereinafter mentioned. * * *'' For sufficient cause, and unusual circumstances, the court might well refuse to appoint the person who is given preference under the law, or his or her nominee. In the instant cause, the qualifications of neither appellant nor Richardson are questioned.

## II.

Appellant contends that the court had no authority under the law and evidence to set aside the letters of administration which had been issued to him, and in sup-

---

[4] § 57-103 Ark. Stats. (1947) Anno.

port of such contention cites the statute. It reads in full as follows: "§ 62-2203. *When personal representative may be removed.* When the personal representative becomes mentally incompetent, disqualified, unsuitable or incapable of discharging his trust, has mismanaged the estate, failed to perform any duty imposed by law or by any lawful order of the court, or has ceased to be a resident of the state without filing the authorization of an agent to accept service as provided by § 70 b (6) (b) (62-2201), then the court may remove him. The court on its own motion may, or on the petition of an interested person shall, order the personal representative to appear and show cause why he should not be removed. The removal of a personal representative after letters have been duly issued to him does not invalidate his official acts performed prior to removal."

It is not necessary that we discuss the provisions of this statute, as it is well established under decisions of this court that a trial court has the inherent right to set aside any orders made during the term, and may even do so on its own motion. *American Building and Loan Association* v. *Memphis Furniture Manufacturing Company,* 185 Ark. 762, 49 S. W. 2d 377. In the instant cause, the order appointing appellant was entered on October 15, 1956, and such order was vacated and set aside on October 29, 1956. The Saline County Chancery and Probate Court commences on the third Monday in May and the third Monday in November;* accordingly the Saline Probate Court had full authority to set aside any orders made and entered prior to November 19, 1956. We therefore conclude that appellant's argument is without merit.

The cause is affirmed.

---

\* Act 25, 1951.
See also Act 31, 1953.