BURNETT *v.* UNITED STATES FIDELITY & GUARANTY CO.
OF BALTIMORE, MD.

5-1492                                                310 S. W. 2d 806

Opinion delivered March 10, 1958.

*Parker Parker,* for appellant.

*Joe Goodier* and *K. M. Parsley,* for appellee.

MINOR W. MILLWEE, Associate Justice. This appeal involves the validity of an order of the Yell Probate Court denying appellants' petition for the appointment

of a distributee of an estate as personal representative in succession.

A. S. McCray died intestate in Yell county June 13, 1952, survived by his sister, Miss Jessie McCray, as his sole heir at law. On July 1, 1952, Jessie McCray and Herbert Scott were appointed co-administrators of the A. S. McCray estate. Jessie McCray died intestate August 17, 1954, and appellant, Fred C. Burnett was appointed administrator of her estate. Herbert Scott continued the administration of the A. S. McCray estate and filed a final accounting therein on January 5, 1956, showing a balance of $428.52 remaining in the estate which he requested be turned over to Fred C. Burnett as administrator of the estate of Jessie McCray after payment of any remaining court costs. Burnett filed exceptions to the final accounting of Herbert Scott and these exceptions were also adopted by the other twelve appellants, who are cousins and heirs of Jessie McCray and A. S. McCray and entitled to 11/13 of the A. S. McCray estate. Herbert Scott died September 10, 1956, before action had been taken on his final accounting and the exceptions thereto.

On November 19, 1956, appellants filed a petition requesting the probate court to appoint the appellant, Mrs. Ora Cowger, one of the cousins and distributees, as administratrix in succession of the A. S. McCray estate. Appellee, United States Fidelity & Guaranty Co., surety on Herbert Scott's bond, filed a response alleging it would be inequitable, unfair and unjust for Mrs. Cowger as an interested party to be both plaintiff and defendant in the accounting litigation and requested the court to appoint some disinterested qualified person to serve as special administrator for the purpose of resolving the accounting problem presented. Appellee also filed its petition to adopt the pleadings and settlement of its principal, Herbert Scott, as co-administrator of the A. S. McCray estate. This appeal is from an order of the probate court denying appellants' petition and permit-

ting appellee to adopt the final settlement of Herbert Scott as its own settlement.

We do not agree with appellants' contention that the probate court was without discretion to deny their petition for the appointment of Mrs. Ora Cowger as administratrix in succession under our statutes. Section 73 of the Probate Code (Ark. Stats., Sec. 62-2204) provides: ''When a personal representative dies, is removed by the court, or resigns and such resignation is accepted by the court, the court may, and if he was the sole or last surviving personal representative and the administration is not completed the court shall, upon the motion or petition of an interested person, appoint another personal representative in his place.''

Appellants argue that when the above section of the Probate Code is construed along with Sec. 70 (Ark. Stats., Sec. 62-2201) it became mandatory that the court appoint Mrs. Cowger. It is argued that since she was not disqualified under subsection (b) of this section, she was entitled to the appointment under the third and fourth subdivisions of subsection (a) which provide that letters of general administration may be granted to one or more persons in order of priority, as follows:

''(3) To one or more of the persons entitled to a distributive share of the estate or his or her nominee, as the court may in its discretion determine, if application for letters be made within forty days after the death of the decedent, in case there is a surviving spouse, and if no surviving spouse, within thirty days after the death of the decedent.

''(4) To any other qualified person.''

In view of the time limitation stated it seems clear that the preference accorded a distributee under subdivision (3) applies to the initial appointment. However, we recently held the statute did not make it compulsory for the court to make an appointment in the order of priority mentioned and that, for sufficient cause, and in unusual circumstances, it might well refuse to do so.

*Brod* v. *Brod*, 227 Ark. 723, 301 S. W. 2d 448. In construing a prior similar statute (Sec. 8, Pope's Digest) we said: "The court is not required to appoint blindly a member of the preferred class where there is no member of that class qualified or where the applicant of that class is not qualified, or who, in the opinion of the court, will not best manage and improve the estate, even if otherwise qualified." *Woodruff, Adm.* v. *Miller,* 209 Ark. 759, 192 S. W. 2d 527.

Here the only incomplete item of administration is the settlement of the final accounting to which both the administrator of the Jessie McCray estate and most of the heirs of A. S. McCray have filed their exceptions. In these circumstances we hold it was within the court's discretion under Sec. 62-2204, *supra,* to refuse to permit Mrs. Cowger, an interested party, to assume the dual role of assailant and defender of the accounting proceeding. The judgment is accordingly affirmed.