Knight *v.* Worthen Bank & Trust Co.

5-2367                                   345 S. W. 2d 361

Opinion delivered April 17, 1961.

*Alonzo D. Camp,* for appellant.

*Wright, Lindsey, Jennings, Lester & Shults,* for appellee.

Ed F. McFaddin, Associate Justice. This appeal is to determine whether the appellant or the appellee will adminster the Estate of Wyatt S. Parker who died intestate in Pulaski County on October 16, 1960. Mr. Parker was survived by a daughter, Mrs. Haddock, of full age, and also by a son Paul, nine years of age, who lives with his mother. The Parkers were divorced several years ago; and she is now Mrs. Joy L. Knight, the appellant.

For several years prior to his death, Mr. Parker had been incompetent; and Worthen Bank and Trust Company, hereinafter referred to as "Bank", had been his

guardian under the orders of the Pulaski Probate Court. As aforesaid, Mr. Parker died on October 16, 1960; and on October 28, 1960, the Pulaski Probate Court duly entered its order authorizing the Bank, as former guardian, to administer the Estate of Mr. Parker pursuant to § 57-644, Ark. Stats. Mrs. Haddock, the daughter of Mr. Parker, consented to the appointment of the Bank. Mrs. Knight also had several conversations with the Bank's officers; but on November 9, 1960, without notice to the bank or to Mrs. Haddock, Mrs. Knight obtained an order from the Pulaski Probate Court appointing herself as Administratrix of the Estate of Mr. Parker. The Bank petitioned the Probate Court to cancel and annul Mrs. Knight's appointment as said Administratrix; and Mrs. Knight resisted the petition. With the issues joined, witnesses were heard and on December 2, 1960, the Pulaski Probate Court cancelled and annulled Mrs. Knight's appointment as Administratrix, and reaffirmed the appointment of the Bank. From that order Mrs. Knight prosecutes this appeal.

Under § 57-644, Ark. Stats. the Probate Court is authorized to continue the guardian as administrator, ". . . unless the court, after a hearing, grants a petition for letters . . . of administration filed not later than forty days after the death of the ward; . . ." Appellant contends that she applied within forty days after the death of Mr. Parker and that, under the wording of § 57-644, Ark. Stats., such application required the Court to make her appointment. We hold that the Probate Court had discretion whether to have the Bank act as Administrator or to appoint Mrs. Knight, who was not within the preferential class under § 62-2201, Ark. Stats.

In *Burnett* v. *U. S. F. & G. Co.*, 228 Ark. 857, 310 S. W. 2d 806, we held that § 62-2201, Ark. Stats. did not make it compulsory on the Probate Court to make an appointment in the order of priority mentioned and that, for sufficient cause, the Court might refuse to appoint a person preferred under said § 62-2201. In the case at bar, Mrs. Knight had no preferred right under § 62-2201,

Ark. Stats. She was the divorced and remarried wife of Mr. Parker. And the evidence reflects that she intended to make some claim against Mr. Parker's estate. The Section 57-644 of Ark. Stats. must be harmonized with § 62-2201; and when so considered it is clear that the Probate Court possessed discretion to appoint the Bank instead of Mrs. Knight, even if she had been in Court when the original petition of the Bank was granted on October 28, 1960.

We also hold that the Probate Court had the power to set aside the order appointing Mrs. Knight as Administratrix. The said order was made on November 9, 1960; and at the same term[1] (December 2, 1960) the Court set aside Mrs. Knight's appointment. The Probate Court had authority, on a proper showing, to set aside any order that it made at the same term of Court (*Brod v. Brod,* 227 Ark. 723, 301 S. W. 2d 488, 64 A. L. R. 2d 1147); and the Probate Court, in setting aside Mrs. Knight's appointment, said:

"I did not realize . . . that this was the same estate where I had appointed the Bank as Administrator of this estate. Had I known that or realized that, or had been apprized of that fact by anybody, I would not have made the second appointment. No doubt she is a fine lady and all that but I had already made an appointment and I don't think it was proper for me to make another one. Therefore, the second one will be set aside . . . I think it is to the best interest of the estate that Worthen Bank and Trust Company continue to act as Administrator of this estate. I think it has been well handled."

The order of the Probate Court here challenged is in all things affirmed.

---

[1] By § 22-406, Ark. Stats. the terms of the Pulaski Chancery Court are the First Monday in April and October; and by § 22-503, Ark. Stats. the terms of the Probate Court are the same as the terms of the Chancery Court.