## Mary McENTIRE *v.* Jimmy McENTIRE, Administrator

78-278                                          577 S.W. 2d 607

### Opinion delivered March 5, 1979
### (Division I)

*Priddy & Hardin,* for appellant.

*Jim Burnett,* for appellee.

JOHN I. PURTLE, Justice. M. A. McEntire died intestate in Van Buren County, Arkansas, on May 9, 1978. Mary McEntire, his widow, petitioned the probate court for ap-

pointment of her nominee, J. E. Godfrey, as administrator of the decedent's estate and the court appointed Godfrey without notice but stated he would set it aside if there were any objections. May 26, 1978, Jimmy McEntire, son of decedent, and other heirs of decedent, filed their objections to the appointment of Godfrey. On July 11, 1978, the court set aside the Godfrey appointment and conducted a hearing resulting in the appointment of Jimmy McEntire as administrator of the estate. Notice of appeal from this order was timely filed.

Appointment of personal representatives of decedents' estates is governed by Ark. Stat. Ann. § 62-2201, which gives priorities as follows: (1) Those nominated in the will. (2) Surviving spouse, or his or her nominee, if appointment is sought within 30 days. (3) Other persons who are entitled to share in the estate, at the discretion of the court, if application is sought within 40 days, in case there is a surviving spouse.

The findings of the court are set out as follows:

This is one of those cases where each side is attempting to get their administrator in office. The best thing would be to get some disinterested third party to serve. The reluctance of people to get involved in family squabbles makes it difficult to find an impartial, disinterested administrator. The next best thing the court can do is to appoint one side or the other and attempt to keep a close eye on the activities of the estate. An administrator should be fair to all of the beneficiaries and not favor one side or the other. Under the facts of this case, I'm going to appoint Mr. Jimmy McEntire as administrator.

We have previously held that the court is not bound to appoint from the highest priority nominees if he finds sufficient cause or unusual circumstances. *Knight* v. *Worthen Bank and Trust Co.*, 233 Ark. 465, 345 S.W. 2d 361 (1961); *Brod* v. *Brod,* 227 Ark. 723, 301 S.W. 2d 448 (1957). In the absence of unusual circumstances or sufficient cause it is the duty of the courts to follow the statutes as set out by the General Assembly. We do not find anywhere in the record where circumstances in this case require the appointment of anyone

other than the nominee of the widow. Since there was no will, the widow was in the first priority; therefore she, or her nominee, should be appointed as administrator of the estate.

Appellant exercised her statutory authority and nominated J. E. Godfrey as administrator of decedent's estate. Mr. Godfrey is 54 years of age, a native of the area, an accountant by profession, and operated a store and farm from 1970 until about nine months prior to the trial of the contest. He had proceeded in what appeared to be a business like approach to handling the estate until he was stopped by Jimmy McEntire.

On the other hand, Jimmy McEntire rejected the orders granting letters of administration to Godfrey; ran him off the decedent's property; boarded up the store, including some of appellant's perishable personal property in the deep freeze; informed the legally appointed administrator he did not consider the letters of administration to be legal; took charge of decedent's property in general; and prevented Mr. Godfrey from making an inventory of the estate. He further stated he felt part or all the merchandise in the store belonged to the children of decedent. Also, he took charge of the accounts receivable which were owed to his father and appellant.

Reversed and remanded with directions to appoint the nominee of Mary McEntire to serve as administrator of the estate of M. A. McEntire.

Reversed and remanded.

We agree. HARRIS, C.J., and GEORGE ROSE SMITH and BYRD, JJ.