IN THE MATTER OF The Estate of Garner ROBINSON,
Jr., Deceased

CA 91-86                      816 S.W.2d 896

Court of Appeals of Arkansas
Division II
Opinion delivered October 16, 1991

*Etoch Law Firm*, by: *Mike J. Etoch*, for appellant.

*Wilson & Associates*, by: *Kathleen Bell*, for appellee.

GEORGE K. CRACRAFT, Chief Judge. Garner Robinson, Sr., appeals from an order of the probate court of Phillips County, Arkansas, appointing Benzene Collier as personal representative of the Estate of Garner Robinson, Jr., deceased. We find no error and affirm.

Garner Robinson, Jr., was killed in an automobile accident. Appellant, the deceased's natural father, filed a petition praying that he be appointed personal representative of his son's estate. Willie Ann Anderson, the deceased's natural mother, filed a petition in which she nominated her brother, Benzene Collier, for appointment. The probate judge ruled that both nominees shared equal priority and that, on the evidence presented to him, Benzene Collier was the more suitable and competent person to serve as personal representative of the estate.

Arkansas Code Annotated § 28-48-101 (1987) sets out the priorities that the court must consider in appointing an administrator of a decedent's estate. It provides, in pertinent part, as follows:

> (a)   Domiciliary letters testamentary or of general administration may be granted to one (1) or more of the natural or corporate persons mentioned in this section who are not disqualified, in the following order of priority:
>
> (1)   To the executor or executors nominated in the will;
>
> (2)   To the surviving spouse, or his or her nominee, upon petition filed during a period of thirty (30) days after the death of the decedent;
>
> (3)   To one (1) or more of the persons entitled to a distributive share of the estate, or his or her nominee, as the court in its discretion may determine . . . .
>
> (4)   To any other qualified person.

This section further provides that no person whom the court finds

to be unsuitable may be qualified to serve. It has been held that the choice of a personal representative is discretionary with the probate court, but that the statutory provisions set forth in the section quoted above are to be followed absent unusual circumstances. *See Standridge* v. *Standridge*, 304 Ark. 364, 803 S.W.2d 496 (1991); *McEntire* v. *McEntire*, 265 Ark. 260, 577 S.W.2d 607 (1979).

■ Appellant contends that since no unusual circumstances existed and he was not found to be unsuitable, Benzene Collier was not entitled to equal priority with him under § 28-48-101, and the court abused its discretion in not appointing appellant as administrator. He argues that, although he and Willie Ann Anderson enjoyed an equal priority under the provisions of subsection (a)(3), her nominee was not entitled to that same status. We disagree. Section 28-48-101 provides that, in the absence of a nominee in the will or a surviving spouse, any one or more persons entitled to a distributive share, *or* his or her nominee, may be appointed. We conclude that, because Collier was a nominee of a distributee of the estate, he shared equal priority with all other distributees under the clear wording of that section.

Furthermore, the evidence shows that appellant is fifty-eight years old and, due to several automobile accidents, had not worked for a number of years and was receiving social security disability benefits. Although appellant testified that he completed the eleventh grade, the record indicates that he has difficulty reading and some of his answers to questions put to him were not entirely responsive. On the other hand, Benzene Collier is thirty-eight years old and had maintained a close relationship with the deceased throughout his life. He graduated from high school, attended Arkansas Tech University, and was employed at the local chemical company. He was a nominee of the decedent's mother, who testified that, because of her lack of formal education, she would not be qualified to act as administratrix but had no reservation about Collier's ability to handle the estate.

■ From our *de novo* review of the record, we cannot conclude that the probate court abused its discretion in appointing Collier to serve as personal representative of the estate.

Affirmed.

COOPER and JENNINGS, JJ., agree.