Brenda WISDOM *v.* Jocie Ellen McBRIDE

92-773                                                 845 S.W.2d 6

Supreme Court of Arkansas
Opinion delivered January 19, 1993

*Murphy, Post, Thompson, Arnold & Skinner*, by: *Tom Thompson* and *J. T. Skinner*.

*Harkey, Walmsley & Blankenship*, by: *Tim Weaver*, for appellee.

STEELE HAYS, Justice. By this appeal we are asked to decide one issue: did the probate court abuse its discretion in the appointment of an administratrix.

Russell Merriman was killed in a motor vehicle collision on April 3, 1991. His mother, Brenda Wisdom, appellant, promptly filed a petition in Independence County probate court asking that she be appointed administratrix of the estate. A day later, Jocie McBride, the deceased's paternal grandmother, appellee, also filed a petition in the same court asking to be named administratrix. Her petition was supported by five other family members: a brother, a sister, the father and two half-sisters. A hearing was held and the trial court found that Jocie Ellen McBride should be appointed as administratrix. Ms. Wisdom appeals from that order.

The governing statute in this case, and the one relied on by the trial court, is Ark. Code Ann. § 28-48-101 (1987), which provides:

(a) Domiciliary letters testamentary or of general administration may be granted to one or more of the natural or corporate persons mentioned in this section who are not disqualified, in the following order of priority:

(1) To the executor or executors nominated in the will;

(2) To the surviving spouse, or his or her nominee, upon petition filed during a period of thirty days after the death of the decedent.

(3) *To one or more of the persons entitled to a distributive share of the estate, or his or her nominee, as the court in its discretion may determine. . . .* [Our emphasis.]

Wisdom was qualified in the first instance to serve because she was one of the persons entitled to a distributive share under the statute. McBride was also qualified to serve in the first instance because even though she was not entitled to a distributive share, she had been nominated by persons who were. The trial court pointed this out and found both applicants qualified, explaining that in such cases he simply took a vote of the distributees and granted letters on the basis of the most votes. In that light Ms. McBride easily won, 5-1.

Ms. Wisdom's argument is made in two steps. First, she argues that all distributees' votes should not be equal but should be counted in the order of priority listed in the tables of descent at Ark. Code Ann. § 28-9-214 (1987). Under that statute, she maintains that she and Ms. McBride had a tie vote.

Ms. Wisdom then argues that the facts supported a finding that she would have been the appropriate choice. She cites testimony as to the reasons various distributees gave for preferring Ms. McBride as administratrix. She notes that her background included some business experience, i.e., receptionist, cashier and interviewer for a marketing research company, and made her more qualified, that she was only forty-three, whereas McBride was sixty-four and had worked for twenty-two years on an assembly line.

As to the argument that the trial court should weigh votes in

the order of descent as prescribed in another statute, Wisdom offers no authority and we find nothing in § 28-48-101 suggesting that method is intended. Section 28-48-101 is quite clear in its direction to the court on appointment: ". . .To one or more of the persons entitled to a distributive share. . . ." Nothing in that statute sustains Wisdom's argument.

Even if we were to follow Ms. Wisdom's reasoning in applying the descent statute, we would still affirm. If the trial court were to find a tie-vote at the first level of priority, it would be logical to proceed to the next level to break the tie, which would still favor Ms. McBride.

The decision on the appointment of an administrator is within the discretion of the trial court, *Knight* v. *Worthen Bank and Trust*, 233 Ark. 465, 345 S.W.2d 361 (1961), and no abuse of discretion has been shown.

Affirmed.