In re the ESTATE OF Kathryn E. NEWTON, deceased.

Mojo Properties, LLC, Claimant–Appellant,

v.

Patrick J. Woods, Personal Representative–Appellee.

No. 10CA1725.

Colorado Court of Appeals, Div. IV.

Aug. 4, 2011.

---

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24–51–1105, C.R.S.2010.

Scheitler & Elio, LLC, Joseph M. Elio, Denver, Colorado, for Claimant–Appellant.

Dufford & Brown, P.C., Herbert A. Delap, Christian D. Hammond, Chris G. Baumgartner, Robyn L. Libow, Denver, Colorado, for Personal Representative–Appellee.

Opinion by Judge BERNARD.

In this appeal, we resolve a question involving Colorado's statute establishing the priorities of those persons who seek appointment as a personal representative to administer the estate of a deceased. Specifically, we are asked to determine whether the nominee of one with a prior right to appointment stands in the shoes of his or her nominator with regard to that priority. We hold that the answer to this question is "yes." As a result, we affirm the district court's order.

## I. Background

Mojo Properties, LLC (creditor), appeals the district court's order appointing Patrick J. Woods (nominee), as personal representative of the estate of Kathryn E. Newton (decedent).

Decedent died in December 2009. She was survived by two daughters and nominee, who had lived with her for approximately ten years. She did not leave a will. In March 2010, both daughters nominated nominee to act as personal representative of decedent's estate.

Creditor had been involved in business dealings with a construction company owned by nominee and decedent before her death. A dispute ensued, and creditor sued decedent, nominee, and the construction company in Denver District Court Case No. 09CV3278.

After decedent died, creditor requested, in May 2010, to be appointed as personal repre-sentative of the estate, identifying itself as one of the estate's creditors. The district court rejected creditor's argument that it had statutory priority to serve as personal representative of the estate and appointed nominee.

## II. Discussion

### A. General Principles of Statutory Construction

Statutory interpretation presents a question of law we review de novo. *Bly v. Story*, 241 P.3d 529, 533 (Colo.2010). "Our primary objective is to effectuate the intent of the General Assembly by looking to the plain meaning of the language used, considered within the context of the statute as a whole." *Id.* Further, we must avoid statutory construction that leads to an absurd result. *Town of Erie v. Eason*, 18 P.3d 1271, 1276 (Colo.2001).

### B. Relevant Sections of Colorado's Probate Code

Section 15–12–203, C.R.S.2010, establishes the order of priority among persons seeking appointment as personal representative of an estate. Subsection (1) provides:

Whether the proceedings are formal or informal, persons who are not disqualified have priority for appointment in the following order:

(a) The person with priority as determined by a probated will including a person nominated by a power conferred in a will;

(b) The surviving spouse of the decedent who is a devisee of the decedent;

(b.5) A person given priority to be a personal representative in a designated beneficiary agreement made pursuant to article 22 of this title;

(c) Other devisees of the decedent;

(d) The surviving spouse of the decedent;

(e) Other heirs of the decedent;

(f) Forty-five days after the death of the decedent, any creditor.

Thus, where, as here, an unmarried person dies intestate, his or her heirs have priority over creditors. An heir or group of heirs

may also nominate a person to serve as personal representative:

A person entitled to letters under paragraphs (b) to (e) of subsection (1) of this section ... may nominate a qualified person to act as personal representative.... When two or more persons share a priority, those of them who do not renounce must concur in nominating another *to act for them* or in applying for appointment.

§ 15–12–203(3), C.R.S.2010 (emphasis added).

As pertinent here, subsection (5) states:

Appointment of ... a person who is nominated pursuant to subsection (3) of this section ... may be made in an informal proceeding. Before formal appointment of one without priority, the court must determine that those having priority, although given notice of the proceedings, have failed to request appointment or to nominate another for appointment and that administration is necessary.

§ 15–12–203(5), C.R.S.2010.

### C. Nominee's Priority over Creditor

■ It is undisputed here that, under section 15–12–203(1)(e), decedent's daughters, as her heirs, had priority to be appointed personal representative over creditor, whose priority is next in line under section 15–12–203(1)(f). However, nominee, absent his status as a nominee, has no statutory priority in his own right. Therefore, unless the daughters' priority was conferred to nominee, creditor had a prior right to appointment as personal representative.

We conclude that the plain language of the foregoing statutes provides nominee with the daughters' priority. We reach this conclusion for the following reasons.

First, subsection (1) establishes priorities, and subsection (5) adds that any nomination may be made informally. Subsection (3) states that a nominee "acts for" his or her nominators.

As relevant here, the verb "to act" means to "take action," and the preposition "for" means "in behalf of." *Webster's Third New International Dictionary* 20, 886 (2002).

Thus, a nominee takes action in behalf of his or her nominator.

When read together, the language of these subsections leads us to conclude that a nominee, by *acting for* a person enumerated in paragraphs (b) to (e) of subsection (1), is the nominator's agent. *See Black's Law Dictionary* 68 (8th ed. 2004) (defining "agent" as "[o]ne who is authorized to "act for or in place of another; a representative"); *MDM Group Associates, Inc. v. CX Reinsurance Co. Ltd.,* 165 P.3d 882, 889 (Colo.App. 2007)("[T]he principal ... entrusts business to the agent to act for the principal's benefit.").

■ Because an agent generally represents a principal contractually, he or she may take authorized actions on the principal's behalf that bind the principal. *See Grease Monkey Int'l, Inc. v. Montoya,* 904 P.2d 468, 472 (Colo.1995). The existence of this authority leads us to conclude that a nominee, as the nominator's agent, stands in the nominator's shoes, and, thus, assumes the priority of the nominator.

Further, subsection (5) conditions a court's power to appoint a person without statutory priority as a personal representative on a determination that all persons who have priority have not requested such an appointment, and that they have not *nominated* another person for appointment. This language implies that nominees have the priority of their nominators.

Second, our interpretation is consistent with the general policies of the Colorado Probate Code set forth by the legislature. The General Assembly has declared that the Colorado Probate Code shall be construed liberally and "applied to promote its underlying purposes and policies." § 15–10–102(1), C.R.S.2010. Those purposes and policies include "promot[ing] a speedy and efficient system for settling the estate of the decedent and making distribution to his successors." § 15–10–102(2)(c), C.R.S.2010.

Third, although statutes in other states are somewhat different, courts from other jurisdictions have reached the same result. In *In re Estate of Robinson,* 36 Ark.App. 1, 3, 816 S.W.2d 896, 897 (1991), the Arkansas Court

of Appeals determined that, unless a will has nominated a personal representative or the deceased is survived by his or her spouse, a nominee "share[s] equal priority with all other distributees" under the statute. In *In re Estate of Casselman*, 219 Neb. 653, 659–60, 365 N.W.2d 805, 809 (1985), the Nebraska Supreme Court recognized that the nominee of a devisee had "certain priorities" as set forth in the statute. In *De Brum's Estate v. Soares*, 26 Cal.App.2d 319, 79 P.2d 414, 415–16 (1938), the California Court of Appeal applied a California statute that expressly gave nominees priority immediately after the priority of the persons who nominated them.

We recognize that some states have statutes that expressly provide nominees with the same priority as their nominators. *See, e.g.,* Cal. Prob.Code § 8465 (establishing priority of nominee based on class of nominator); Me.Rev.Stat. tit. 18–A, § 3–203(e) ("Appointment of one who has priority resulting from renunciation or nomination ... may be made in informal proceedings."); Neb. Rev. St. § 30–2412(e) ("[A]ppointment of one having priority resulting from renunciation or nomination may be made in informal proceedings."); N.M. Stat. Ann. § 45–3–203(C) ("A person entitled to letters ... may nominate a qualified person to act as personal representative and thereby confer the person's relative priority for appointment on the person's nominee."); S.C.Code Ann. § 62–3–203(a)(8) (subject to certain exceptions, "a person with priority ... may nominate another, who shall have the same priority as the person making the nomination"). However, in light of the preceding statutory analysis, the absence of such express language in Colorado's statute does not lead us to the conclusion that nominees do not assume their nominators' priority.

Fourth, accepting the interpretation proposed by creditor—that nomination by one with priority does not confer that priority on the nominee—would lead to an absurd result. The nominator would, in effect, relinquish his or her priority by naming a person to act on his or her behalf. Such a result would vitiate section 15–12–203(3), because a person entitled to letters would be required to fulfill the role of personal representative personally to avoid ceding control of an estate to one with a junior enumerated right to appointment. Creditor has not provided us with any authority supporting its position, and our research has not discovered any.

We note that creditor and nominee appear to equate nomination of a personal representative with renunciation of rights. These acts are clearly different, as subsection (3) recognizes that a person with a statutory priority may "renounce his right to nominate or to an appointment." § 15–12–203(3). Here, the daughters did not renounce; they nominated. Although the form each signed is entitled "Renunciation and/or Nomination of Personal Representative," each daughter checked only the box on the form stating, "Having the right to nominate a qualified person to act as personal representative, I nominate [nominee]." Contrary to the assertion of both parties on appeal, the record does not indicate that either daughter renounced her right to appointment as personal representative.

We conclude that nominee assumed the priority of his nominators, the daughters. The daughters, as heirs, had priority of appointment over creditor. Thus, the probate court properly appointed nominee as personal representative.

In light of this conclusion, we need not address the parties' arguments regarding a potential conflict of interest on creditor's part. We also decline to address creditor's assertion, first raised in its reply brief, that nominee might have a conflict of interest with the estate. *See People v. Czemerynski*, 786 P.2d 1100, 1107 (Colo.1990).

The order is affirmed.

Judge GRAHAM and Judge FOX concur.