**E-FILED**
**CNMI SUPREME COURT**
E-filed: Dec 12 2024 04:42PM
Clerk Review: Dec 12 2024 04:43PM
Filing ID: 75204104
Case No.: 2022-SCC-0011-CIV
NoraV  Borja





IN THE

# Supreme Court

OF THE

# Commonwealth of the Northern Mariana Islands

---

**IN THE MATTER OF THE ESTATE OF CONCEPCION FAISAO TUDELA,**
*Deceased.*

**Supreme Court No. 2022-SCC-0011-CIV**

---

**SLIP OPINION**

**Cite as: 2024 MP 9**

Decided December 12, 2024

———————

CHIEF JUSTICE ALEXANDRO C. CASTRO
ASSOCIATE JUSTICE JOHN A. MANGLOÑA
ASSOCIATE JUSTICE PERRY B. INOS

———————

Superior Court Civil Action No. 20-0116-CV
Judge Joseph N. Camacho, Presiding

———————

CASTRO, C.J.:

¶ 1     Appellant Ivan-Rufo Faisao Tudela ("Tudela") appeals the trial court's order denying removal of the administrator of the estate of his mother, Concepcion Faisao Tudela ("the Estate"), and of counsel representing the Estate. For the following reasons, we AFFIRM.

## I. FACTS AND PROCEDURAL HISTORY

¶ 2     The facts of this appeal were laid out in our previous order denying the Estate's motion to dismiss. *See In re Estate of Tudela*, 2023 MP 11 ¶¶ 3–7. The salient facts are summarized below.

¶ 3     After several executors and administrators for the Estate were either removed or voluntarily withdrew, the court appointed Herman P. Sablan ("Sablan") as the administrator. The court further ordered that any objections to Sablan's appointment should be made within 10 days of its order. Tudela objected to Sablan's appointment and attorney Anthony H. Aguon's ("Aguon") representation of the estate.

¶ 4     The court rejected Tudela's objections, finding they provided no legal or factual grounds to warrant removing Sablan or Aguon. Sablan remained the administrator. Tudela appealed the court's denial.

¶ 5     The Estate moved to dismiss the appeal, arguing that this Court lacks jurisdiction under 8 CMC § 2206 and the appeal was frivolous as filed. It also requested sanctions against Tudela for his behavior and charged language directed towards the Estate's administrator and counsel.

¶ 6     We declined to dismiss the case because we found jurisdiction under 8 CMC § 2206 and declined to impose sanctions against Tudela, cautioning him that personal attacks may not continue, and he would be subject to sanctions if he continued to do so. *Id*. ¶¶ 14, 23.

¶ 7     We also found the appeal was not frivolous as filed because it presented a justiciable question, namely, whether the lower court erred in denying to remove Sablan as administrator. *Id*. ¶ 17. We found that Tudela's Opening Brief was "clearly without merit" and "border[ed] on frivolous." *Id*. ¶ 20. We determined that the deficiency of Tudela's Opening Brief was curable and permitted him "one last chance to present written arguments before this Court in his reply brief." *Id*. ¶ 23. Tudela submitted his reply brief on December 11, 2023.

## II. JURISDICTION

¶ 8     We have jurisdiction over orders or refusals to grant or revoke letters testamentary or of administration under 8 CMC § 2206.

## III. STANDARD OF REVIEW

¶ 9     We review procedural issues in the probate context for an abuse of discretion. *In re Estate of Mangabao*, 2019 MP 13 ¶ 6. The appointment of an estate's personal representative is a procedural matter. Under 8 CMC § 2202, the Superior Court has "full power to make orders, judgments, and decrees and take

all other action necessary and proper to administer justice in the matters which come before it." When sitting as a probate court, it enjoys "wide discretion in probate proceedings to entertain any relevant matters that may come before it in a probate matter." *In re Estate of Tudela*, 4 NMI 1, 11 (1993); *see also*, *Wisdom v. McBride,* 845 S.W.2d 6, 7 (Ark. 1993) (finding that review of the appointment of an administrator in probate is a question of abuse of discretion); *Beddow v. Beddow's Adm'r*, 267 S.W.2d 87, 90 (Ky. 1953) (finding that in reviewing the appointment of an administrator, an appellate court is limited to determining whether "the court has exceeded or misused its powers"). The Superior Court has wide discretion to hear and resolve matters pertaining to letters of administration, as it is a relevant matter at the core of its statutory powers, and our review here is limited to whether the trial court abused its discretion when it refused to remove Sablan as administrator.

¶ 10    An abuse of discretion occurs when the trial court based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence. *Commonwealth v. Lin*, 2014 MP 6 ¶ 31. To determine that there has been an abuse of discretion, the record must be "devoid of competent evidence to support the decision of the trial court." *Robinson v. Robinson*, 1 NMI 81, 89 (1990) (internal citation omitted). In testing the sufficiency of the evidence, we take it in the "strongest manner in favor of the appellee and in support of the court's findings." *Id*. "A judgment will not be disturbed when there is any reasonable evidence to support it." *Id*.

### IV. DISCUSSION

¶ 11    The sole issue on appeal is whether the trial court abused its discretion by not removing Sablan and Aguon, per Tudela's objection. Though this issue presents a justiciable question, an issue statement alone is not sufficient to serve as the basis for reversing the decision of the lower court. We have held that "the art of advocacy is not one of mystery," and that we can only review issues which are "argued specifically and distinctly in a party's opening brief." *SARMA v. Wan Jin Yoon*, 2011 MP 12 ¶ 50. An appellant has a duty to submit to the court the relevant evidentiary record and identify the parts of the record that support the appeal, because we will not manufacture arguments for an appellant. *Id*.

¶ 12    Though our standard generally is that an issue is waived if not argued specifically and distinctly in the *opening* brief, we declined to dismiss Tudela's appeal prior to submission of all the briefs, providing him the opportunity to cure the presumptive waiver in a reply brief containing "diligent research and genuine argument." 2023 MP 11 ¶ 20. Because the Opening Brief failed to raise "any articulable legal or factual argument," *id*. ¶ 17, we examine the Reply Brief to determine if an issue supported by argument has been presented that would render his appeal reviewable by this Court, or if the sole issue on appeal has been waived and must be dismissed.

¶ 13    In its order denying the removal of Sablan and Aguon, the lower court stated:

> The unsupported allegations as alleged in Ivan Rufo Faisao Tudela's Response lacks any supporting documents. The allegations of misconduct, theft, lie, deceive, etc. many of these issues has been raised and addressed at the beginning of the probate. *In re Estate of Concepcion Faisao Tudela*, 20-0116-CV (NMI Super. Ct. April 19, 2022) (Op. at 1) (Order Finding No Grounds for Removal of Administrator Sablan and Attorney Aguon).

The court found Tudela raised "no legal or factual grounds" that warranted removing Sablan or Aguon. *Id*. at 2. This, on its face, is not an abuse of discretion because the Rules of Civil Procedure require that all motions state with particularity the grounds for seeking the order. NMI R. Civ. P. 7(b)(1).[1] To show an abuse of discretion, the Reply Brief would have to demonstrate that the objection to Sablan and Aguon did, in fact, state with particularity the grounds on which they should be removed. However, the Reply Brief contains no discussion of the contents of his objection to the court.

¶ 14 The Reply Brief includes approximately eight and a half pages of discussion. The majority of this discussion is dedicated to issues which are clearly unrelated to the scope of this appeal. While the Reply Brief, like Tudela's previous filings, is largely indecipherable, it appears to contain repeated accusations of fraudulent behavior against Milne, the Estate, and Sablan and Aguon, among others, and seems to discuss the validity of his mother's will. *See generally* Reply Brief. Tudela also appended several pages of screenshots of text messages and other documents, seemingly related to rents collected for a property. *Id*. at 14–18. We could only guess at the relevance of these items to the question of whether the law supports the probate court's decision not to remove Sablan and Aguon. At best, the arguments and exhibits in the Reply Brief indicate a misunderstanding of the scope of the appeal.

¶ 15 We informed Tudela, both at oral argument and in our order denying the Estate's motion to dismiss, that to adjudicate the narrow issue of whether the probate court erred in denying to remove Sablan and Aguon we require argument, supported by law, discussing the issue. 2023 MP 11 ¶ 20. Tudela has presented many words to this Court, but none of them are related to the issue he appeals. Discussion of wills and rent monies, and accusations of fraudulent behavior are not clearly related to the question of whether the probate court abused its discretion. If, during the course of this appeal, Tudela had discussed the objection and supporting evidence he submitted to the probate court, and explained how the many topics of interest to him are related to the order on appeal, we could have considered whether the court's finding was an abuse of discretion and substantively determined the issue. Instead, the Reply Brief and oral argument

---

[1] While we have not had occasion to elaborate on NMI Rule of Civil Procedure 7(b)(1)'s particularity standard, the rule is analogous to the corresponding federal rule. Generally speaking, to meet the Rule 7(b)(1) standard, a motion need not be comprehensive, but must at least "apprise the court and the opposing party of the grounds upon which [relief] is sought." *Feldberg v. Quechee Lakes Corp.*, 463 F.3d 195, 197 (2d Cir. 2006).

failed to assert any sort of factual or legal argument in relation to the narrow question presented. Once again, we are left with "an illustrious array of unsupported accusations against Sablan and Aguon point[ing] to no factual or legal basis to justify reversing the trial court's order." *Id*.

¶ 16     A party waives any issue it has not sufficiently developed. *Commonwealth v. Calvo*, 2014 MP 10 ¶ 8. We have consistently refused to consider the arguments of a party who failed either to submit a brief conforming to our appellate rules or to present developed arguments supported by law and legal analysis on appeal. *See Commonwealth v. Zhang*, 2023 MP 9 ¶ 7 n.2, ¶ 21; *Su Yue Min v. Feng Hua Enter., Inc.*, 2017 MP 3 ¶11 (affirming the lower court when the appellant's "flagrant disregard" for the rules of an opening brief was "so grave that that [it] hinder[ed] us from accurately considering the merits of the case"); *Commonwealth v. Guiao*, 2016 MP 15 ¶ 14 (declining to consider appellant's arguments upon finding that her briefs were "devoid of legal analysis and authority"); *Matsunaga v. Cushnie*, 2012 MP 18 ¶ 12 (declining to consider the substance of an argument lacking adequate legal analysis); *Guerrero v. Dep't of Pub. Lands*, 2011 MP 3 ¶ 24 (declining to consider appellant's argument because he failed to "cite a single case in his brief"); *Commonwealth v. Minto*, 2011 MP 14 ¶ 46 n.8 (stating that we will review "only those arguments sufficiently developed to be cognizable"); *Fitial v. Kyung Duk*, 2001 MP 9 ¶ 18 (refusing to consider an issue for which the proponent cited no legal authority); *Roberto v. De Leon Guerrero*, 4 NMI 295, 297 (1995) ( "in the absence of cited authority, we need not address [a party's] arguments"); *In re Blankenship*, 3 NMI 209, 216 (1992) (treating as waived those issues which the appellant did not discuss or analyze).

¶ 17     Tudela's status as a pro se appellant does not excuse his failure to comply with the rules. *Villagomez v. Sablan*, 4 NMI 396, 398 (1996). We recognize the special difficulties that non-attorney parties may have in navigating our complicated legal system, which is why, in the past we have provided pro se parties additional opportunities to cure procedural violations of our rules. *Id*. at 397 (providing appellants "one more opportunity to explain or correct the procedural errors in their appeal.") It was for this same reason that we informed Tudela of his failure to present meritorious argument in his Opening Brief and allowed him to file a reply brief, despite our standard typically being that an appellant's *opening* brief must contain adequate argument. 2023 MP 11 ¶ 23. However, our ability to extend patience and understanding to a party based on their pro se status does not reach so far as to enable us to find an argument where there is none. *SARMA*, 2011 MP 12 ¶ 50.

¶ 18     A similar dispute arose in *In re Estate of Malite* where a party contested the court's decision to remove the estate's administrator. 2010 MP 20. There, the court denied the extraordinary relief requested because the petitioner failed to provide any argument on the issue. *Id.* ¶ 37 n.27 ("[W]e will not consider an issue for which the proponent cites no legal authority.") (quoting *Fitial v. Kyung Duk*, 2001 MP 9 ¶ 18). Tudela wholly fails to argue, much less demonstrate, that the

trial court abused its discretion. There is no cause to find an abuse of discretion in Sablan's appointment when no party has presented a sufficient argument for us to consider whether an abuse of discretion took place. We will not manufacture an argument on a party's behalf. *SARMA*, 2011 MP 12 ¶ 50.

## V. CONCLUSION

¶ 19    Because Tudela has not presented an argument that would enable us to render a decision on the merits, he has waived the issue on appeal. We AFFIRM the lower court's order declining to remove Sablan and Aguon.

SO ORDERED this 12th day of December, 2024.


/s/
ALEXANDRO C. CASTRO
Chief Justice


/s/
JOHN A. MANGLOÑA
Associate Justice


/s/
PERRY B. INOS
Associate Justice

COUNSEL

Ivan-Rufo Faisao Tudela, Dupont, WA, Pro Se Plaintiff-Appellant.

Anthony H. Aguon, Saipan, MP, for Defendant-Appellee.

NOTICE

This slip opinion has not been certified by the Clerk of the Supreme Court for publication in the permanent law reports. Until certified, it is subject to revision or withdrawal. In any event of discrepancies between this slip opinion and the opinion certified for publication, the certified opinion controls. Readers are requested to bring errors to the attention of the Clerk of the Supreme Court, P.O. Box 502165 Saipan, MP 96950, phone (670) 236–9715, fax (670) 236–9702, e-mail Supreme.Court@NMIJudiciary.gov.

**E-FILED**
**CNMI SUPREME COURT**
E-filed: Dec 12 2024 04:42PM
Clerk Review: Dec 12 2024 04:43PM
Filing ID: 75204104
Case No.: 2022-SCC-0011-CIV
NoraV  Borja



IN THE

# Supreme Court

OF THE

# Commonwealth of the Northern Mariana Islands

---

**IN THE MATTER OF THE ESTATE OF CONCEPCION FAISAO TUDELA**
*Deceased.*

---

**Supreme Court No. 2022-SCC-0011-CIV**
Superior Court No. 20-0016-CV

### JUDGMENT

Appellant Ivan-Rufo Faisao Tudela appeals the probate court's order denying to remove Herman P. Sablan as administrator and Anthony H. Aguon as attorney for the Estate of Concepcion Faisao Tudela. For the reasons discussed in the accompanying opinion, the Court AFFIRMS the order of the probate court.

ENTERED this 12th day of December, 2024.


 /s/
JUDY T. ALDAN
Clerk of the Supreme Court