Cite as 2025 Ark. App. 69

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CV-23-517

| | | |
|---|---|---|
| PAULA LYNCHARD | | Opinion Delivered February 5, 2025 |
| | APPELLANT | APPEAL FROM THE GARLAND COUNTY CIRCUIT COURT [NO. 26PR-22-675] |
| V. | | |
| JOSHUA PARKS | | HONORABLE MARCIA R. HEARNSBERGER, JUDGE |
| | APPELLEE | |
| | | AFFIRMED |

**MIKE MURPHY, Judge**

Appellant Paula Lynchard appeals the Garland County Circuit Court order denying her petition for probate of estate and appointment of personal representative. On appeal, she argues that the circuit court erred in dismissing her petition, because she had a valid assignment of interest and standing to petition. We affirm.

On October 3, 2022, Paula filed a petition for probate of the estate of Alfred Roy Parks, her brother, who had passed away on July 5, 2021. Paula asked that she be named administratrix of the estate. That petition was filed as case No. 26PR-22-675. Alfred was survived by a wife, Carol Parks, and two sons, Stephen Parks and appellee Joshua Parks. The petition provided that Stephen and Carol had assigned any interest they had in Alfred's estate to Paula. Joshua objected to Paula's petition and the matter was set for a hearing on April 17, 2023.

At the hearing, the court first heard from Joshua, who testified that he had already

opened an estate and was administering it. The court took judicial notice of case No. 26PR-21-561, also in Garland County. Joshua testified that when his dad passed away, he hired an attorney, but the attorney had health issues, and the matter languished. Joshua was waiting on the attorney's guidance on what to do with the assets, and he eventually had to hire a new attorney. Paula also testified. She explained that both Carol and Stephen had assigned their rights to any inheritance from Alfred over to her; two documents to that effect were introduced. At the conclusion of the evidence, Joshua moved to dismiss the petition on the basis that first, Paula does not meet the requirements under the probate code to serve as an estate administrator here; and second, the estate is currently open and being administered, and Paula failed to provide any evidence to justify displacing Joshua as the administrator. The court granted the motion to dismiss, and an order followed. That order provided:

> 7. Petitioner Paula Lynchard predicates her claim to the Decedent's estate in this case upon two "Assignments of Inheritance", one each from Carol Parks and Stephen Parks.
>
> 8. However, this Court FINDS that neither "Assignment of Inheritance" conveys upon the Petitioner an interest in the Decedent's estate and that the Petitioner lacks standing to support her Petition in this case.
>
> 9. Further, this Court FINDS that the collection and distribution of the assets for the Decedent's estate are being effected by the Heir Joshua Parks in Case No. 26PR-21-561, and good cause has not been shown to displace Heir Joshua Parks from managing the assets of the Decedent's estate.
>
> 10. Therefore, this Court ORDERS that the Petition for Probate of Estate and Appointment of Personal Representative is DENIED and this case is hereby DISMISSED WITH PREJUDICE.

Paula now appeals, arguing that the circuit court erred in dismissing her petition because an interest in an estate may be disclaimed or assigned, and thus, she had standing as an interested person to petition the court.

2

Probate cases are reviewed de novo on appeal. *Snowden v. Riggins*, 70 Ark. App. 1, 7–8, 13 S.W.3d 598, 602 (2000). However, we will not reverse the circuit court's findings of fact unless they are clearly erroneous. *See id.* A finding is clearly erroneous when, although there is evidence to support it, we are left on the entire evidence with the firm conviction that a mistake has been committed. *Adkinson v. Kilgore*, 62 Ark. App. 247, 970 S.W.2d 327 (1998). A decision regarding the appointment of an administrator is within the discretion of the circuit court, and we will not reverse absent an abuse of that discretion. *Wisdom v. McBride*, 311 Ark. 492, 494, 845 S.W.2d 6, 7 (1993).

We hold that the circuit court did not abuse its discretion in denying and dismissing Paula's petition to probate her brother's estate. The circuit court based its decision on two independent grounds: first that Paula lacks standing to petition the court, and second, there was already an open estate being administered by Joshua. Even if Paula had standing to petition the court to probate the estate and be appointed administratrix, she made no argument to this court why the circuit court abused its discretion when there was already an open probate proceeding in the same county with an administrator in place. When the circuit court bases its decision on two or more independent grounds and the appellant challenges fewer than all the grounds, we will affirm without addressing any of the grounds. *See McClellan v. Ritter Cable Co., LLC*, 2024 Ark. App. 338.

Affirmed.

BARRETT and HIXSON, JJ., agree.

*Robert S. Tschiemer*, for appellant.

*Nathan W. Reggish*, for appellee.